**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**DESHAWN E. HENDERSON
#0251603,**

**Plaintiff,**

**-vs-**                                                                          **Case No.  A-25-CV-00815-ADA**

**MAURICE C. COOK, et al.,**

**Defendants.**

---

**ORDER**

Before the Court are Plaintiff's civil-rights complaint (ECF #1) and more definite statement (ECF #19). The Court granted Plaintiff leave to proceed *in forma pauperis*.  For the reasons discussed below, the Court dismisses Plaintiff's complaint.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in the Bastrop County Jail. Public records indicate he was charged in Bastrop County in Cause No. 18,908 with unlawful possession of a firearm by felon-enhanced committed on August 9, 2024; Cause No. 59,905 with failure to identify-fugitive committed on August 9, 2024; and Cause No. 59,906 with criminal mischief in an amount greater than or equal to $100 but less that $750 committed on August 9, 2024. After pleading guilty to possession of a firearm-enhanced on June 25, 2025, the court sentenced Plaintiff to seven years in prison.  Cause Nos. 59,905 and 59,906 were unadjudicated per 12.45 of the Texas Code of Criminal Procedure because of his conviction in Cause No. 18,908.  He was subsequently transferred to the Texas Department of Criminal Justice - Correctional Institutions Division.

Plaintiff sues Bastrop County Sheriff Maurice Cook, Sgt. Bates, Dr. Valerie Wolfe Mahfood, Attorney Chris M. Dillon, Judge John Winklemann, Cpl. Chrisner, Jailer Burton, Jailer Spurlock, Former Jailer Smith, Cpl. Foradory, Sgt. Horsley, Jailer O'Grady, Transport Officer King, Transport Officer Sanchez, Jailer Tidwell, Bastrop County Sheriff's Office Medical Staff, Lt. Gomez, Jailer Tracy Griffith, and Judge Christopher Duggan. He requests $1,110,000 in damages, the dismissal of his then pending charges, and that the officers be sanctioned.

According to Plaintiff, he filed a report under the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601 et seq., because former Jailer Smith allegedly told Plaintiff to "eat his ass." Plaintiff alleges the incident happened between 11:20 and 11:28 a.m. on November 27, 2024. Plaintiff states he filed the PREA report on a kiosk that day at 11:32 a.m. He states he subsequently reported the statement to Foradory. Plaintiff complains Foradory failed to follow PREA procedures, which allegedly required Foradory to relieve Smith of his duty on the floor. Plaintiff claims Spurlock, Smith, Burton, and Foradory retaliated against him by writing a fake disciplinary case, claiming Plaintiff cussed out and disrespected Smith at 11:00 a.m. Plaintiff argues he was not awake until 11:15 a.m. and could not have argued with Smith at 11:00 a.m. Plaintiff contends these individuals violated PREA and his equal protection rights.

Plaintiff asserts on November 27, 2024, he wrote a ticket to medical about his PREA case, but medical failed to write up the incident per PREA guidelines. The medical staff allegedly changed the request from a medical request to a general request and forwarded it to Horsley. Plaintiff states Horsley changed the request to a PREA report and forwarded the ticket to Bates. Plaintiff contends this proves a conspiracy to deprive him of equal protection of the law. He also claims his right to due process was violated.

Plaintiff asserts Bates failed to investigate the PREA incident.  He argues Bates mishandled the investigation because he never talked to Plaintiff about it before concluding the comment made by Smith was not sexual harassment.  The medical staff, Horsley, Chrisner, Bates, Spurlock, Burton, Griffith, Foradory, Gomez, and O'Grady also allegedly failed to write up the PREA case.

According to Plaintiff, he wrote Dr. Mahfood and informed her the PREA case was mishandled by Bates.  He further informed her that the Bastrop County Sheriff's Office was not in PREA compliance.  Plaintiff believes Mahfood is included in the conspiracy.

Plaintiff further alleges he was punished with "2-30 day cases so 60 days total in 23 hour lockdown" for his disciplinary cases.  He believes this violated his rights.

On December 3, 2024, he complained that the "PREA incident" was not handled properly. Plaintiff asserts Griffith assigned the task to Gomez but Chrisner responded instead.  Plaintiff complains the complaint should have been answered by a higher ranking official.  He further complains Chrisner did not forward the complaint to Grievance Officer Peggy O'Grady.  Plaintiff further complains O'Grady mishandles grievances, failed to provide him copies of his grievances, and failed to report the PREA incident.  Plaintiff holds Sheriff Maurice Cook responsible in his supervisory capacity.

Unrelated to his PREA claims, Plaintiff asserts he tried to fire his criminal defense attorney, Chris Dillon, on April 2, 2025.  According to Plaintiff, Judge Winklemann told Plaintiff to write his court with his case number and a motion to dismiss appointed counsel.  Plaintiff asserts he mailed the motion on April 2, 2025.  Plaintiff complains both Judge Winklemann and Judge John Duggan knew he filed a motion to dismiss appointed counsel, yet they had not taken any action as of the time

he filed his complaint in this Court.  He believes the attorney and the judges are part of a conspiracy to violate his constitutional rights.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement specifying what each defendant did to violate Plaintiff's constitutional rights.  Plaintiff alleges Sheriff Cook "is aware of the negligence and conspires against all the inmates.  He know[s] the Bastrop County Jail Inmate Handbook is out of date without of date PREA material."  Plaintiff further claims Sheriff Cook "uses Bastrop County Sheriff's Office as a[n] obviously corrupted instrument for the State of Texas, in United States judicial system."  Plaintiff claims he suffered a deprivation of his PREA rights, was sexually harassed, and retaliated against.

Plaintiff repeats his claims that other defendants violated his rights to due process and equal protection and under PREA.  He complains Bates closed the PREA complaint without talking to Plaintiff and found the comment to "eat his ass" was not sexual harassment.  He complains Dr. Mahfood "passed" the jail when it was not in PREA compliance.  He complains Burton, Spurlock, Smith, and Foradory retaliated against him by filing disciplinary case number 24-2314 because Plaintiff filed a PREA complaint.  He complains he had a disciplinary hearing scheduled for April 18, 2025, but after he told Bastrop County officials he was going to sue them on April 6, 2025, his hearing got moved up to April 7, 2025, and King, Sanchez, Tidwell, and Griffith "sentenced [him] to 2 mon[ths] confinement."

Plaintiff contends his attorney failed to properly represent him in Cause No. 18,908 and Judge Winklemann sentenced Plaintiff to seven years in prison after he knew Plaintiff added him to his civil rights complaint.  Plaintiff asserts he suffered a decline in his mental state.

DISCUSSION AND ANALYSIS

1.    Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  "Labels and conclusions" or a "formulaic recitation of the elements of

a cause of action" will not suffice, nor does a complaint which provides only naked assertions that

are devoid of further factual enhancement.  *Id.* And although a court must construe a pro se's

allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does

not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the

judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson*

*v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

> 2.   Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been

violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215

(5th Cir. 1998).  Section 1983 is not itself a source of substantive rights; rather, it merely provides

a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266,

271 (1994).  In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of

rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged

deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

Further, "a plaintiff bringing a section 1983 action must specify the personal involvement of each

defendant."  *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

> 3.   Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against Defendants Winklemann and Duggan in

their official capacities are barred by Eleventh Amendment Immunity.  When acting in their official

capacities, Texas judges are entitled to Eleventh Amendment immunity. *See Davis v. Tarrant Cnty.,*

*Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment

immunity for claims asserted against them in their official capacities as state actors."). Therefore, Plaintiff's claims against Defendants Winklemann and Duggan in their official capacities for monetary damages are barred.

    4.        Judicial Immunity

Plaintiff's claims seeking monetary relief against Defendants Winklemann and Duggan in their individual capacities are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judges Winklemann or Duggan that were nonjudicial in nature nor does he show that they were acting in the clear absence of all jurisdiction.

Moreover, Plaintiff's claims are frivolous.  He complains they failed to take action on his request to replace court appointed attorney Chris M. Dillon.  However, public records show the state court granted Dillon's motion to withdraw on June 10, 2025, and Tull Farley was appointed and represented Plaintiff at sentencing.

5.    State Actor

Defendant Dillon is not a state actor. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party.  A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim.  *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986);  *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  *Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980).  A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983.  *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972); *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972).  Accordingly, Plaintiff's claims brought against Defendant Dillon are frivolous.

6.    PREA

Plaintiff's complaint centers on the investigation of his PREA complaint he made to jail officials.  PREA does not establish a private cause of action for allegations of sexual assault in a

prison facility. *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir.) (citations omitted), *cert. denied*, 577 U.S. 898 (2015). Rather, the PREA was enacted "to address the problem of rape in prison, authorize grant money, and create a commission to study the issue; it does not give prisoners any specific rights." *Ortiz v. Hernandez*, No. A-20-CV-1056-LY, 202 WL 7258258, at * 2 (W.D. Tex. Dec. 9, 2020) (quoting *Dudley v. United States*, No. 4:19-CV-317-0, 2020 WL 532338, at *7 (N.D. Tex. Feb. 3, 2020) (quoting *Johnson v. Rupert*, No. 6:11-CV-446, 2014 WL 6969202, at *5 (E.D. Tex. Dec. 9, 2014)), *report and recommendation adopted*, 2020 WL 7258258 (W.D. Tex. Jan. 8, 2021). It follows, therefore, that the PREA would not create a private cause of action based on a failure to report or investigate a sexual assault in a prison facility. *See Toson v. Freeman*, Civil Action No. 1:22-cv-00085-BU, 2023 WL 4998063, at *5 n.8 (N.D. Tex. July 24, 2023) (finding that to extent inmate alleged investigation into sexual harassment violated PREA rights, § 1983 claim was frivolous and failed to state claim upon which relief could be granted) (citing *Krieg*, 599 F. App'x at 232), *appeal dism'd as frivolous*, No. 23-10800, 2024 WL 140441 (5th Cir. Jan. 12, 2024).

Moreover, Plaintiff does not complain about an assault. He complains a former officer told him to "eat his ass," which statement was found not to constitute sexual harassment.

7.     Retaliation

Plaintiff claims the defendants retaliated against him by filing a fake disciplinary action after he made a PREA claim. Claims of retaliation by inmates are to be regarded with skepticism to avoid having the federal courts embroil themselves in every adverse action that takes place within a prison. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Therefore, for an inmate to prevail on a claim for retaliation, he must allege: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4)

causation," i.e., that "but for" the retaliatory motive, the adverse act would not have occurred. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (quoting *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). The Fifth Circuit has further defined an actionable retaliatory adverse act as one "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Conclusory allegations are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. An inmate must allege more than his personal belief that he is a victim of retaliation by producing either direct evidence of motivation or, the more probable scenario, by alleging a chronology of events from which retaliation may plausibly be inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004); *Woods*, 60 F.3d at 1166.

Although Plaintiff has a protected constitutional right to file non-frivolous PREA claims, his allegations fail to show his PREA claim was anything other than frivolous. Moreover, Plaintiff's allegations fail to establish any intent to retaliate against Plaintiff for making a frivolous PREA claim. Plaintiff's own allegations support that jail officials did not even consider his complaint as a valid PREA complaint and only construed the complaint as brought under PREA at Plaintiff's insistence. Plaintiff also fails to allege the disciplinary case claiming Plaintiff "cussed out and disrespect[ed]" Smith at 11 am on November 27, 2024, would not have occurred had he not complained that Smith's comment "eat my ass" constituted sexual harassment. Plaintiff admits he was found guilty of the disciplinary charge and does not show he would not have been disciplined but for the frivolous claim he made under PREA.

In his more definite statement Plaintiff contends jail officials retaliated against him because they moved his disciplinary hearing from April 18, 2025 to April 7, 2025, after he told them on April 6, 2025, that he was going to sue them. Moving a disciplinary hearing to an earlier date is not

an actionable retaliatory adverse act. The date change is not capable of deterring a person of ordinary firmness from further exercising his constitutional rights.

       8.      Discipline

Liberally construed, Plaintiff challenges his disciplinary charge, claiming it was fabricated. Plaintiff admits he was found guilty and punished.

The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "It is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted ....'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (*en banc*) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Granting Plaintiff relief as to any due process claim he may be making regarding his disciplinary charges would necessarily imply the invalidity of any punishments imposed in his disciplinary proceedings. Plaintiff does not allege any of his disciplinary convictions for which he

was sanctioned have been overturned on appeal or set aside in a habeas corpus proceeding. Because

Plaintiff has not successfully had any of these disciplinary decisions set aside, he cannot seek any

relief in this case with respect to his due process claims.

9.    Grievances

Plaintiff complains his grievances and complaints were not resolved by jail staff. The Fifth

Circuit has held that prisoners have no constitutional rights in the inmate grievance process.

*Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020) (citing *Geiger v. Jowers*,

404 F.3d 371, 374 (5th Cir. 2005) (holding a prisoner "does not have a federally protected liberty

interest in having [his] grievances resolved to his satisfaction."). Accordingly, Plaintiff's claims

regarding his grievances are frivolous.

10.    Conspiracy

To state a § 1985(3) claim a plaintiff must plausibly allege the following:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any
> person or class of persons of the equal protection of the laws, or of equal privileges
> and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4)
> whereby a person is either injured in his person or property or deprived of any right
> or privilege of a citizen of the United States.

*Davis v. Wigen*, 82 F.4th 204, 214 (3d Cir. 2023) (quoting *United Bhd. of Carpenters & Joiners of*

*Am. v. Scott*, 463 U.S. 825, 828-29 (1983)). To adequately plead the first element, Plaintiff needed

to allege "enough factual matter (taken as true) to suggest that an agreement was made." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiff's bare assertion that defendants were "apart

[sic] of a conspiracy to deprive [Plaintiff] of the equal protections of the laws or the equal priviledges

[sic] and immunity under the laws" is not enough. *See id.; Iqbal*, 556 U.S. at 680-81.

11.    <u>Supervisory Liability</u>

Plaintiff holds Sheriff Cook responsible in his supervisory capacity as Sheriff of Bastrop County, as he does not allege Sheriff Cook was personally involved in the alleged constitutional violations.  Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship.  *Monell v. Department of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.1983).  If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir.1987).  In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304.  Plaintiff fails to provide a basis for holding Defendant Cook liable in this case.

12.    <u>Physical Injury</u>

Lastly, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), bars recovery of damages for mental anguish absent a showing that the plaintiff suffered a physical injury while in custody.  The Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  Plaintiff alleges he suffered mental harm.  Plaintiff's allegations are insufficient to entitle him to damages under the PLRA.

13.    <u>Dismissal of Criminal Charges</u>

To the extent Plaintiff seeks his immediate release or the dismissal of criminal charges he must seek such relief in an application for habeas corpus relief.  The exclusive remedy for a prisoner

who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Court declines to construe this action as a request for habeas corpus relief because Plaintiff had not exhausted his state court remedies at the time he filed his complaint.

CONCLUSION

Regarding Plaintiff's criminal proceedings in Bastrop County, Defendants Winklemann and Duggan, in their official capacities are entitled to Eleventh Amendment immunity. In their individual capacities they are entitled to judicial immunity. Plaintiff's court appointed attorney is not a state actor. In addition, any request to dismiss his criminal conviction must be pursued in a petition for writ of habeas corpus.

Plaintiff has no private cause of action under PREA. Moreover, while Smith's alleged conduct, if true, may be viewed as verbally abusive or unprofessional, it falls short of stating a constitutional claim. Plaintiff fails to provide a basis for holding Defendant Cook liable in this case. Plaintiff's claims against the remaining defendant are frivolous. In addition, Plaintiff's allegations are insufficient to entitle him to damages under the PLRA.

It is therefore **ORDERED** that Plaintiff's claims against Judges Winklemann and Duggan in their official capacities for monetary damages are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

SIGNED on February 5, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE